FILED
2011 May-26  AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 2:11-CV-381-VEH** |
| | ) | |
| **JONATHAN W. GATHINGS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

### I.       Introduction

This is a tax liability case against Defendant Jonathan W. Gathings ("Mr. Gathings"). Pending before the court is Plaintiff's Motion for Default Judgment (Doc. 10) (the "Motion") filed on May 23, 2011. A memorandum of law (Doc. 10 at 3- 9), the declaration of Curtis Strange, a revenue officer with the Internal Revenue Services' Birmingham office (Doc. 10-1), and the declaration of attorney William E. Farrior (Doc. 10-4) are offered in support of the Motion.

### II.      Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  An entry

of a default under Rule 55(a) is a prerequisite to obtaining a judgment by default

under Rule 55(b).  Either the clerk or the court may enter a default judgment under

Rule 55(b).  Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

 Judge William H. Steele of the Southern District of Alabama has provided a

helpful and succinct summary of the applicable standards for a court to apply when

addressing a pending motion for default judgment.

> Indeed, a default is not "an absolute confession by the defendant of his
> liability and of the plaintiff's right to recover," but is instead merely "an
> admission of the facts cited in the Complaint, which by themselves may
> or may not be sufficient to establish a defendant's liability."  *Pitts ex rel.*
> *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004);
> *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.
> 2005) ("the defendants' default notwithstanding, the plaintiff is entitled
> to a default judgment only if the complaint states a claim for relief");
> *GMAC Commer. Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp.
> 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only
> if court finds sufficient basis in pleadings for judgment to be entered,
> and that complaint states a claim).  Stated differently, "a default
> judgment cannot stand on a complaint that fails to state a claim."
> *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir.
> 1997).

*Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007).

 Thus, the legal effect of Mr. Gathing's default is that the facts averred by

Plaintiff in the complaint are deemed admitted.  *See Nishimatsu Const. Co. v.*

*Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[D]efendant, by his

2

default, admits the plaintiff's well-pleaded allegations of fact[.]") (citations omitted);[1]

*McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997)

(explaining that "when a default judgment has been entered, facts alleged in the

complaint . . . may not be contested by the defaulted party").

## III.   Findings of Fact and Conclusions of Law

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court

makes the following findings of fact and conclusions of law:

1.     Plaintiff initiated this lawsuit against Mr. Gathings on February 3, 2011.

(Doc. 1).

2.     Mr. Gathings resides in the Northern District of Alabama, Southern

Division and practices law in Birmingham, Alabama.

3.     Mr. Gathings executed a waiver of service of summons on February 17,

2011, which was filed into court on March 17, 2011.  (Doc. 4).

4.     Mr. Gathings has failed to appear, plead, or otherwise defend this

litigation.

5.     Mr. Gathings is not an infant or incompetent person, nor has he been in

the military service of the United States since the filing of this suit or for a period of

---

[1]     *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)
(holding that decisions of the former Fifth Circuit handed down prior to the close of
business on September 30, 1981, are binding in the Eleventh Circuit).

six months prior to such filing.

6.      The clerk filed an entry of default against Mr. Gathings (Doc. 9) on May 13, 2011.

7.      Mr. Gathings is indebted to Plaintiff for income tax liabilities for the years 1993, 1994, 1998, and 2001, in the collective amount of $162,487.96 as of May 17, 2011.

8.      Plaintiff is due to recover from Mr. Gathings the total amount of $162,487.96 as of May 17, 2011, plus interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6621 and 6622 until such entire sum is paid.

## IV.    Conclusion

The court will enter a final judgment by default accordingly.

**DONE** and **ORDERED** this the 26th day of May, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

4